In the Matter of WILLIAM NORRIS, as Committee of the Estate of MABEL B. NORRIS, an Incompetent Person, Petitioner.

LEO W. HUEGLE et al., Constituting The Christian Science Trustees for Gifts and Endowments, et al., Respondents.

Supreme Court, Special Term, Westchester County, April 3, 1943.

*John B. Gilleran* for petitioner.

*Thomas H. Matters, Jr.,* for Leo W. Huegle et al., constituting The Christian Science Trustees, etc., respondents, appearing specially.

*Frank Delaney* for G. Ida Crawford, as co-committee of the person of Mabel B. Norris, respondent.

ALDRICH, J. By an instrument in writing dated September 19, 1932, Mabel B. Norris, now an incompetent person, transferred to certain persons as trustees, constituting The Christian Science Trustees for Gifts and Endowments, certain cash and securities for the trustees to hold, et cetera, and to pay the net income monthly to the donor during her life and upon her death to pay the net income to the donor's son (now her committee) during his life, and upon his death, or in case he does not survive the donor, one half of the trust fund is to be paid over immediately to The First Church of Christ Scientist in Boston, and the other one half of the trust fund is to be paid to a sister of the donor and a sister-in-law of the donor in equal shares. The instrument provides that it shall be construed according to and be governed by the laws of Massachusetts. All of the trustees were residents of Massachusetts. Subsequently the donor was adjudicated an incompetent person. The trust indenture provides as follows: " During the life of the donor the trustees shall pay over to her such sums of

principal as she may request at any time in writing, and notwithstanding anything herein contained, this instrument may be altered or amended at any time by a writing signed by the donor and delivered to the trustees.''

The committee of the incompetent now applies for permission to invade the corpus of this trust fund to the extent of $5,000 by virtue of the provision above referred to.

The interpretation of the trust indenture with reference to the withdrawal clause, as to whether it is purely personal to the donor, or may be exercised by the court on her behalf since her adjudication as an incompetent person, may ultimately be a matter to be determined by the laws of Massachusetts but in the opinion of this court it is not purely personal and may be exercised for her by the court having jurisdiction of her affair. It seems clear that, as the incompetent has been domiciled at all times in New York State, has been here adjudicated an incompetent person, and as the Supreme Court of the State of New York has control over her property and affairs by virtue of the appointment of her committee, et cetera, any election now to be made during the incompetency of the donor is one for the Supreme Court of this State to determine. Any property election of this description which the donor could exercise had she remained of sound mind may now be made on her behalf and in her interest by the court. The reservation in the trust indenture of the right to withdraw the corpus seems clear. Had she remained of sound mind, the donor could have exercised that election as provided in the instrument at any time. It is a provision intended for her pecuniary benefit. Now that she is incompetent the same right of election to invade the corpus still exists, now to be exercised by the court through proper instructions to the committee. In the exercise of that discretion the court will try, so far as reasonably practicable, to put itself in the position of the donor, and to determine what she would likely have done or would be reasonably apt to do had she remained of sound mind. With these considerations in mind, after a careful examination of the papers submitted, this court finds that it is reasonably necessary that the corpus of this trust fund be invaded, under the provisions thereof, to the extent of $5,000 at this time. The application of the committee is granted and such determination made accordingly, and the court will direct the committee to demand the payment to the committee by the trustees of the fund, from the corpus thereof, the sum of $5,000. It may be necessary for the committee to pursue this election made by the court, and his

authority thereunder, by appropriate proceedings in the courts of Massachusetts, but so far as this court, representing the incompetent, has authority over the situation, its discretion on her behalf is hereby exercised in the manner indicated, and the committee will be authorized to take such appropriate action or proceeding as may be necessary or advisable in the courts of Massachusetts or elsewhere in order to effectuate the election herein referred to and the recovery for the incompetent of the sum mentioned.

Settle order on two days' notice at chambers, Poughkeepsie.